## UNION NEWS CO. v. VINSON et al.
### (No. 6254.)

(Court of Civil Appeals of Texas. Austin. Dec. 22, 1920. Rehearing Denied Jan. 26, 1921.)

1. Bailment ⬅==14(1)—Company keeping baggage for hire is responsible for loss where not exercising ordinary care.

A news company receiving and checking passengers' baggage for safe-keeping is a bailee for hire performing a quasi public service, responsible for ordinary care to prevent loss, and, where it failed to deliver a valise to the owner, it was liable for the value thereof, notwithstanding a limitation to $50 liability printed on the back of the receipt or check.

2. Bailment ⬅==14(1)—Limitation of liability printed on back of check given for baggage held not part of contract.

Where defendant received a valise for safe-keeping, giving a check therefor on the back of which was printed a provision limiting liability to $50, which provision was not seen by owner until the check was returned and the valise demanded, such limitation did not become a part of the contract.

3. Bailment ⬅==14(1)—Owner's consent to limitation of liability by one caring for baggage is not presumed from amount charged.

In an action for loss of baggage by bailee for hire, the smallness of the amount paid by owner raises no presumption that the limitation of the amount on the back of the check to $50 was reasonable and that the owner's consent should be presumed.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Action by E. W. Vinson and another against the Union News Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Kyle Vick, of Waco, for appellant.

JENKINS, J. Appellant was engaged in the business of receiving and caring for baggage for passengers who were intending to take passage on trains, or, as is commonly known, "checking baggage." Its place of business was in the Katy depot at Waco. For such service, it charged 10 cents for each package "checked." On January 3, 1919, appellee E. W. Vinson, the father of appellee Miss Eleanor Vinson, presented Miss Vinson's valise to appellant, at its place of business, and received therefor a "check," bearing a certain numer. This check was handed to Miss Vinson by her father. Miss Vinson was a student at the state university, and was on her way to Austin. The valise contained her clothing of the value of at least $200. Upon delivery of the check, E. W. Vinson paid 10 cents to appellant's agent. On the face of the check was printed the following:

"The Union News Stand, Waco, Texas. To claim packages present this coupon; charges 10 cents each 24 hours or fraction thereof. No. 7—10—83."

Shortly before the arrival of the train, Miss Vinson tendered this check to appellant's agent, and demanded her valise. The agent tendered her an old valise, which was not hers. It was opened in her presence, and was found to contain some old soldier's clothes. She declined to receive this valise. Her own valise has never been returned to her, nor has she or her father been paid for same.

The case was tried before the court, and judgment was rendered for appellees for $200.

### Opinion.

On the back of the check referred to in our findings of fact, there was printed, in small type, the following:

"Duplicate Coupon Agreement. The person accepting this ticket hereby agrees, in consideration of the low rate at which it is issued, that no claim in excess of ($50.00) fifty dollars shall be made against the Union News Company, or its lessor, for loss or injury to the package, valise, or other article, which may have been deposited with it, and for which this ticket has been issued."

The only issue presented on this appeal is as to whether the judgment in favor of appellees should have been for $50 only.

[1, 2] The appellant was a bailee for hire, performing a quasi public service. It was

---

⬅==For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

its duty to safely keep packages intrusted to it, and to return the same to the holder of its check, upon presentation of same. It was responsible for ordinary care to prevent loss of same.

The printing on the back of the check was not seen by either of the appellees until it was presented to appellant's agent, and the return of the valise was demanded. Under these circumstances, it did not become a part of the contract. In the instant case, Miss Vinson's valise was evidently delivered to the wrong person. If not, it was willfully converted by appellant. In either event, appellant became responsible for the value of the valise and its contents. 3 R. C. L. pp. 82, 93, 104, and 154.

[3] There is no merit in the contention that the smallness of the amount paid by appellees raised a presumption that the limitation of the amount for which appellant became liable was reasonable, and that the assent of appellees thereto should be presumed. When parties, competent to contract, agree upon the price to be paid to a bailee for his services, the amount thereof is immaterial. 3 R. C. L. 95. There is nothing, however, to suggest that the compensation was not ample for the services to be rendered.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.